FILED

13 JAN 29 AM 11:02

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN W.C. WILEY, Booking No. 12539831, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO COUNTY; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; GEORGE BAILEY DETENTION FACILITY, <br><br> Defendants. | Civil No.   12cv2504 WQH (BGS) <br><br> **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)** |

Sean W. C. Wiley ("Plaintiff"), currently detained at George Bailey Detention Facility in San Diego, California, is proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action [ECF No. 4]; thus, while he is proceeding *pro se*, he is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, he has yet to effect service upon any party. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED.R.CIV.P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely service."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal

1 | jurisdiction over a defendant, the procedural requirement of service of summons must be
2 | satisfied.")

## I.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

Pursuant to the Prison Litigation Reform Act (PLRA) and 28 U.S.C. § 1915A, the Court is obligated to review civil actions filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Because Plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915A(c) at the time he filed this action, the Court must sua sponte dismiss his complaint, or any portion thereof, which "seeks redress from a governmental entity or officer or employee of a governmental entity," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

Plaintiff alleges that the County of San Diego, the San Diego County Sheriff's Department, and the George Bailey Detention Facility acted with "negligence" and imposed "cruel and unusual punishments" upon him by failing to provide adequate medical treatment while he was detained at the Vista Detention Facility in June and July 2012, and again after he was hospitalized at UCSD and transferred to George Bailey in August 2012.[1] (Compl. at 3.)

---

[1] It is unclear whether Plaintiff was a pre-trial detainee or whether he was serving a sentence following a criminal conviction at the time he was housed at the George Bailey Detention Facility. The Ninth Circuit has noted that while different Constitutional provisions may be applied dependent on whether a plaintiff's claim arise before or after conviction, a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and

1 However, Plaintiff has failed to identify any specific "person" whom he holds responsible for
2 violating his constitutional rights. *Campbell*, 671 F.3 at 842 n.5. Neither a law enforcement
3 department (like the San Diego County Sheriff's Department), nor a jail or detention facility
4 (like George Bailey Detention Facility) is considered a "person" subject to suit under § 1983.
5 *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a
6 municipal department as a defendant is not an appropriate means of pleading a § 1983 action
7 against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758
8 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's
9 constitutional rights 'under color of law.' Cook County Jail is not a 'person.').

10 While the County of San Diego *itself* may be considered a "person" and therefore, a
11 proper defendant under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 691
12 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), as a municipality it
13 may be held liable under § 1983 only where the Plaintiff alleges facts to show that a
14 constitutional deprivation was caused by the implementation or execution of "a policy statement,
15 ordinance, regulation, or decision officially adopted and promulgated" by the County. *Monell*,
16 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997);
17 *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and
18 vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v.*
19 *Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists
20 only where the alleged constitutional deprivation was inflicted in 'execution of a government's
21 policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

22 ///

23

---

24 therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf.*
25 *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised
26 by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided
27 convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange*, 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10). In either case, however, Plaintiff's claims
28 of "negligence," even against a "person" subject to suit under § 1983, do not suffice. *See Estelle v. Gamble*, 429 U.S. 97, 109 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

1 | As currently pleaded, Plaintiff's Complaint fails to state a claim under 28 U.S.C.
2 | § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that any
3 | *individual* County employee (a "person") violated his constitutional rights. *See Hernandez v.*
4 | *County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Ashcroft v. Iqbal*, 556 U.S. 662
5 | (2009)'s pleading standards to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.
6 | 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal
7 | involvement as evidenced by affirmative acts, participation in another's affirmative acts, or
8 | failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally
9 | protected rights). Moreover, Plaintiff's Complaint further fails to contain "sufficient allegations
10 | of underlying facts" to show any individual acted pursuant to an official municipal policy,
11 | custom or practice. *Hernandez*, 666 F.3d at 637; *Monell*, 436 U.S. at 690; *Brown*, 520 U.S. at
12 | 403.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff is proceeding *pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also provide him an opportunity to "effectively" amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## II.

### CONCLUSION AND ORDER

For all the reasons set forth above, the Court DISMISSES Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b).

However, Plaintiff is GRANTED forty five (45) days leave from the date of this Order to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

1987). If Plaintiff chooses *not* to re-open this case by submitting an Amended Complaint within 45 days, the entire action shall remain dismissed pursuant to 28 U.S.C. § 1915A(b) and without any further Order issued by the Court.

DATED: 1/28/13

HON. WILLIAM Q. HAYES
United States District Judge