FILED

13 JAN 29 AM II: 02

DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

⟨signature⟩                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN W.C. WILEY, Booking No. 12539831,<br><br>                                        Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; GEORGE BAILEY DETENTION FACILITY,<br><br>                                        Defendants. | Civil No.    12cv2504 WQH (BGS)<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. § 1915A(b)** |

Sean W. C. Wiley ("Plaintiff"), currently detained at George Bailey Detention Facility in San Diego, California, is proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983.

Plaintiff prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action [ECF No. 4]; thus, while he is proceeding *pro se*, he is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  However, he has yet to effect service upon any party.  *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED.R.CIV.P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely service."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal

1  jurisdiction over a defendant, the procedural requirement of service of summons must be

2  satisfied.")

3                                              **I.**

4              **SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)**

5         Pursuant to the Prison Litigation Reform Act (PLRA) and 28 U.S.C. § 1915A, the Court

6  is obligated to review civil actions filed by anyone "incarcerated or detained in any facility who

7  is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

8  terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

9  practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves

10  to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Because Plaintiff was a "prisoner" as defined

11  by 28 U.S.C. § 1915A(c) at the time he filed this action, the Court must sua sponte dismiss his

12  complaint, or any portion thereof, which "seeks redress from a governmental entity or officer

13  or employee of a governmental entity," if it is frivolous, malicious, or fails to state a claim upon

14  which relief may be granted. 28 U.S.C. § 1915A(a), (b); *Rhodes v. Robinson*, 621 F.3d 1002,

15  1004 (9th Cir. 2010).

16         "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that

17  a right secured by the Constitution or laws of the United States was violated; and (2) that the

18  alleged violation was committed by a person acting under color of state law." *Campbell v.*

19  *Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v.*

20  *Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

21         Plaintiff alleges that the County of San Diego, the San Diego County Sheriff's

22  Department, and the George Bailey Detention Facility acted with "negligence" and imposed

23  "cruel and unusual punishments" upon him by failing to provide adequate medical treatment

24  while he was detained at the Vista Detention Facility in June and July 2012, and again after he

25  was hospitalized at UCSD and transferred to George Bailey in August 2012.[1] (Compl. at 3.)

26  _____

27         [1] It is unclear whether Plaintiff was a pre-trial detainee or whether he was serving a sentence
following a criminal conviction at the time he was housed at the George Bailey Detention Facility. The

28  Ninth Circuit has noted that while different Constitutional provisions may be applied dependent on
whether a plaintiff's claim arise before or after conviction, a "pretrial detainees' rights under the
Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and

1  However, Plaintiff has failed to identify any specific "person" whom he holds responsible for

2  violating his constitutional rights.  *Campbell*, 671 F.3 at 842 n.5.  Neither a law enforcement

3  department (like the San Diego County Sheriff's Department), nor a jail or detention facility

4  (like George Bailey Detention Facility) is considered a "person" subject to suit under § 1983.

5   *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a

6  municipal department as a defendant is not an appropriate means of pleading a § 1983 action

7  against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758

8  (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's

9  constitutional rights 'under color of law.'  Cook County Jail is not a 'person.'").

10        While the County of San Diego *itself* may be considered a "person" and therefore, a

11  proper defendant under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 691

12  (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), as a municipality it

13  may be held liable under § 1983 only where the Plaintiff alleges facts to show that a

14  constitutional deprivation was caused by the implementation or execution of "a policy statement,

15  ordinance, regulation, or decision officially adopted and promulgated" by the County.  *Monell*,

16  436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997);

17  *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).  In other words, "respondeat superior and

18  vicarious liability are not cognizable theories of recovery against a municipality."  *Miranda v.*

19  *Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002).  "Instead, a *Monell* claim exists

20  only where the alleged constitutional deprivation was inflicted in 'execution of a government's

21  policy or custom.'"  *Id.* (quoting *Monell*, 436 U.S. at 694).

22  / / /

23

24  therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf.*
25  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court
   generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised
26  by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections
   provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided
27  convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange*, 351 F.3d 410, 419
   n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).  In either case, however, Plaintiff's claims
28  of "negligence," even against a "person" subject to suit under § 1983, do not suffice.  *See Estelle v.*
   *Gamble*, 429 U.S. 97, 109 (1976) ("Medical malpractice does not become a constitutional violation
   merely because the victim is a prisoner.").

1   As currently pleaded, Plaintiff's Complaint fails to state a claim under 28 U.S.C.
2   § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that any
3   *individual* County employee (a "person") violated his constitutional rights. *See Hernandez v.*
4   *County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Ashcroft v. Iqbal*, 556 U.S. 662
5   (2009)'s pleading standards to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.
6   1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal
7   involvement as evidenced by affirmative acts, participation in another's affirmative acts, or
8   failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally
9   protected rights). Moreover, Plaintiff's Complaint further fails to contain "sufficient allegations
10  of underlying facts" to show any individual acted pursuant to an official municipal policy,
11  custom or practice. *Hernandez*, 666 F.3d at 637; *Monell*, 436 U.S. at 690; *Brown*, 520 U.S. at
12  403.

13  Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim
14  upon which relief may be granted, and is therefore subject to sua sponte dismissal pursuant to
15  28 U.S.C. § 1915A(b). Because Plaintiff is proceeding *pro se*, however, the Court having now
16  provided him with "notice of the deficiencies in his complaint," will also provide him an
17  opportunity to "effectively" amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)
18  (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

19                                            **II.**
20                              **CONCLUSION AND ORDER**

21  For all the reasons set forth above, the Court DISMISSES Plaintiff's Complaint for
22  failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C.
23  § 1915A(b).

24  However, Plaintiff is GRANTED forty five (45) days leave from the date of this Order
25  to file an Amended Complaint which cures all the deficiencies of pleading noted above.
26  Plaintiff's Amended Complaint must be complete in itself without reference to his original
27  pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the
28  Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

1987).  If Plaintiff chooses *not* to re-open this case by submitting an Amended Complaint within 45 days, the entire action shall remain dismissed pursuant to 28 U.S.C. § 1915A(b) and without any further Order issued by the Court.

DATED: _____1/28/13_____      _____

HON. WILLIAM Q. HAYES
United States District Judge